**UNITED STATES of America,**
**Appellee,**

v.

**Lorz NEMORIN, Defendant–Appellant.**

**No. 04–0842CR.**

United States Court of Appeals,
Second Circuit.

March 22, 2006.

**66**

Kim P. Bonstrom, Bonstrom & Murphy, New York, N.Y. for Defendant–Appellant.

Jo Ann M. Navickas, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief) for Appellee, of counsel.

PRESENT: Hon. DENNIS JACOBS, Hon. ROSEMARY S. POOLER, and Hon. JOHN R. GIBSON,* Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Larz Nemorin ("Nemorin") appeals from his conviction for conspiracy to import cocaine. Nemorin argues that the district court's jury charge erroneously barred the jury from considering certain defense theories predicated on the religious beliefs of defendant and a key witness. We review the jury charge *de novo. United States v. Dyer,* 922 F.2d 105, 107 (2d Cir.1990). We assume familiarity with the facts, the procedural history, and the issues on appeal.

The district court instructed the jury that "[e]vidence of a *belief alone* in voodoo is not a fact you may consider in weighing the credibility of either the witness Zephir or defendant Nemorin." (Emphasis added.) Any error in the "religious beliefs" charge was harmless in light of the rest of the charge.

Defendant claims the charge prevented him from arguing three defense theories that were otherwise permissible under Fed.R.Evid. 610. But defendant's theories asked the jury to reach a credibility conclusion either by comparing a party's belief with *other evidence,* or by analyzing religious *practice;* i.e., not belief *alone.*

Under Defendant's first theory, his own belief in voodoo lends credibility to his claimed motivations in picking up Louis Zephir ("Zephir"). This theory was not foreclosed: The jury charge allowed the jury to either consider this theory as going towards the "relationship between the witness Zephir and the defendant Nemorin," or as a combination of Nemorin's beliefs with his conduct (and not strictly belief *alone*).

Second, Defendant argued that the jury charge erroneously prevented the jury from evaluating Zephir's credibility in light

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

of his attempt to use voodoo to prevent Nemroin from testifying. Defendant, though, seeks a credibility inference based on Zephir's *conduct* (his attempt to stop testimony), rather than *belief alone.*

The third theory argued that Zephir's credibility was impaired by his hypocrisy: *i.e.,* Zephir falsely denied being a priest. This credibility attack compares Zephir's stated conduct to his actual conduct—a line of argument left open under the jury charge (which foreclosed arguments based on belief, not practice). Thus, we affirm because the "religious beliefs" charge did not bar defendant from arguing any permissible defense theory to the jury.

For the foregoing reasons, we AFFIRM the judgment and order of the district court.